70 F.3d 1281
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dennis SHOULDERBLADE, Defendant-Appellant.
 No. 95-30067.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted: Oct. 17, 1995.
Decided: Nov. 14, 1995.
 
 1
 Before: REINHARDT and TROTT, Circuit Judges, and SCHWARZER, District Judge*
 
 
 2
 MEMORANDUM**
 
 
 3
 Defendant appeals from a final judgment revoking supervised release and imposing a sentence of imprisonment on the grounds: (1) that the district court erred in admitting the results of seven positive urinalysis tests in violation of defendant's constitutional right to confront witnesses against him; and (2) that the district court's application of Sec. 7B1.4 of the Sentencing Guidelines violated the ex post facto clause. We have jurisdiction under 18 U.S.C. Sec. 3742(a) and affirm.
 
 
 4
 On May 17, 1990, defendant Dennis Shoulderblade was indicted for possessing a weapon as a felon in violation of 18 U.S.C. Secs. 922(g)(1) and 924(a)(2). He pled guilty to all charges and was sentenced to 24 months imprisonment and to three years of supervised release. In addition, he was made subject to nineteen conditions of supervised release, including one which required him to refrain from use of any narcotic or other controlled substance. The conditions also required him to participate in urinalysis testing.
 
 
 5
 During 1993 and 1994, defendant tested positive on four occasions for controlled substances. He admitted to his probation officer that he had used the substances and that he knew he had violated the conditions of supervised release. In February 1994, defendant entered drug treatment. Between April 1994 and January 1995, after completing treatment, he tested positive on three additional occasions. Defendant was arrested on February 14, 1995, and a hearing was held in district court on February 17, 1995 to consider revocation of supervised release.
 
 
 6
 The government offered evidence of the results of urinalysis tests reflecting the presence of controlled substances on seven occasions from 1993 to 1995. Defendant objected to the admission of that evidence based on "no foundation". The district court overruled his objection.
 
 
 7
 The court found that defendant had violated the condition of supervised release. It revoked the release and sentenced defendant to eight months imprisonment. On appeal, defendant contended that the admission of the urinalysis tests into evidence violated the confrontation clause and that his sentence under Sentencing Guideline Sec. 7B1.4 violated the ex post facto clause of the constitution.
 
 
 8
 At oral argument, counsel for the government advised that defendant had been released from custody, his term of imprisonment having just ended. Defendant's ex post facto claim has therefore become moot.
 
 
 9
 At argument, counsel for defendant conceded that, in view of defendant's earlier admission that he had violated the condition of supervised release on four prior occasions, the admission into evidence of the three most recent urinalysis test results constituted harmless error. We therefore affirm.
 
 
 
 *
 The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3